IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| POSER INVESTMENTS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | MISC. ACTION: 1:13-00003-KD-B |
| ) | |
| ANITA NGUYEN, LLC, *et al.*, ) | |
|     Defendants. ) | |

## **ORDER**

This action is before the Court on the Motion to Renew Judgment filed by Judgment Creditor Poser Investment Inc. (Doc. 11). Accordingly, for the reasons set forth herein, the Motion is GRANTED.

Alabama Code § 6-9-191 presumes a judgment is satisfied if 10 years have lapsed since judgment or the latest execution. Alabama Code § 6-9-190 allows a judgment to be revived within 20 years from the entry of the judgment. On December 3, 2012, final judgment was entered in this case in the United States District Court for the District of New Jersey. (Doc. 1-1). On February 20, 2013, the judgment was registered in this Court. (Doc. 1). On January 19, 2023, Judgment Creditor Poser Investment Inc. ("Poser"), filed the Motion to Renew Judgment. (Doc. 11). As such, the judgment is presumed satisfied since a period of ten years has lapsed since the entry of judgment. See Ala. Code § 6-9-191; see also In re Sintz, 162 B.R. 572, 574 (Bank. S.D. Ala. 1993) (The date of entry of a judgment – not the date that a judgment is recorded -- starts the 10 year period.).

However, Poser has successfully rebutted the presumption of satisfaction by providing sufficient evidence[1] that the judgment has not been satisfied. (Doc. 11-1); see Davis Int'l, Inc. ex

---

[1] Posner submitted an affidavit stating that the judgment has not been satisfied. (Doc. 11-1).

rel. Patel v. Berryman, 730 So. 2d 242, 244 (Ala. Civ. App. 1999) ("[W]here the judgment creditor did not attempt to execute on the judgment within 10 years of its entry, he must move for, and obtain, a revival of the judgment in order to enforce the judgment.") (internal citation omitted); see e.g., PACCAR Fin. Corp. v. Robbins Grp. Int'l, Inc., No. 3:97-CV-1751-SLB, 2012 WL 5426456, at *2 (N.D. Ala. Nov. 1, 2012):

> Given that more than ten years have passed since the entry of PACCAR's judgment against the defendants, a presumption of satisfaction applies to the judgment. See Ala.Code § 6–9–191. Therefore, the burden falls on PACCAR to prove that the judgment has not been satisfied in order to renew the judgment. See id. PACCAR has satisfied this burden. The affidavit of McArthur, which PACCAR attached to its Motion to Renew Judgment, clearly shows that the defendants have not satisfied the judgment. (Doc. 24–3.) Though no Alabama case law articulates a burden of proof standard, the Alabama Court of Civil Appeals has held testimony of a corporate president regarding the non-satisfaction of a judgment sufficient to overcome the presumption of Ala.Code § 6–9–191. See Slay v. McKean Paint & Hardware Store, Inc., 317 So.2d 326, 328 (Ala.Civ.App.1975) (discussing Ala.Code § 7–582 (1940)—precursor to Ala.Code § 6–9–191). As such, McArthur's affidavit is sufficient evidence to satisfy PACCAR's burden; thus, its motion is due to be granted with regard to its request for a renewal of judgment.

Accordingly, it is **ORDERED** that the motion (Doc. 11) is **GRANTED** and the December 3, 2012, Judgment issued in this case (Doc. 1-1) is hereby **REVIVED** through December 3, 2032.

**DONE** and **ORDERED** this 11th day of April 2023.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**