IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **POSER INVESTMENTS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MISC. ACTION: 1:13-00003-KD-B |
| | ) | |
| **ANITA NGUYEN, LLC,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is before the Court on *sua sponte* review. Previously, the Court granted Poser Investments, Inc.'s Motion to Renew Judgment (doc. 14). However, upon further review of the declaration in support of the Motion, the Court finds that it is insufficient to rebut the presumption of satisfaction of judgment as required under Alabama law for renewal of a judgment. Accordingly, for reasons set forth herein, the Order (doc. 14) is **VACATED** and Poser is given leave to file another affidavit or declaration on or before **May 1, 2023**.

In relevant part, under Alabama law, "[i]f 10 years have elapsed from the entry of the judgment without issue of execution ..., the judgment must be presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff." Ala. Code § 6-9-191. Nothing before the Court indicates that an execution has been issued on this judgment. Thus, Poser has "the burden of proving it not satisfied." Id. In support of the Motion to Renew Judgment and to prove that the judgment is not satisfied, Poser provides the declaration of its attorney, who declares as follows:

> Said defendant is justly indebted to the assignee in the amount of said judgment and costs, together with costs of this writ, plus interest as follows: The judgment balance is as follows:
>
> Judgment Total:        $222,760.25
> Post Judgment Interest:    $3,993.42

    Payments:       ($0.00)
    Judgment Balance:   $226,753.67

    Interest has been calculated through NOVEMBER 17, 2022 at the rate of 0.18% per annum Applicable rule: 28 U.S.C. 1961(a)

(Doc. 11-1).

  However, the Alabama Supreme Court has explained that evidence to overcome the presumption of satisfaction in this circumstance, must be "strong and convincing to the effect of producing a reasonable conviction that the judgment has not been paid or satisfied." Gambill v. Cassimus, 22 So.2d 909, 910 (Ala.1945). Under Alabama law, the declaration or affidavit of an attorney, even one who is "familiar with the books and records of the creditor but whose testimony rests on hearsay and does not account for the many ways in which a judgment may be satisfied, is not sufficient to overcome the presumption of satisfaction." Cunningham v. Glenn, 2011 WL 738870, *2 (M.D. Ala. Feb. 24, 2011) (citing Gambill, 22 So.2d at 910)).

  Poser's attorney does not state that he is familiar with the books and records, but even if he had, familiarity may not be sufficient, since his declaration appears to rest on hearsay and does not provide the range of information. See Cunningham, 2011 WL 738870, *2 (finding an affidavit filed by Cunningham's attorney stating "(1) that he is the attorney in fact for Plaintiff Ronald Cunningham; (2) that he is affiliated with the Plaintiff; (3) that he is familiar with the books and records of the Plaintiff; (4) that he has actual and personal knowledge of the correctness of the Plaintiff's account; (5) that he supervises the keeping and maintenance of the Plaintiff's books and records; and (6) that the 'judgment remains unpaid and unsatisfied'" was not sufficient under Alabama law.); Cf. Slay v. McKean Paint and Hardware Store, Inc., 317 So.2d 326 (Ala.Civ.App.1975) (finding sufficient evidence to rebut the presumption where the "present corporate president testified he had been an officer of the corporation since its

incorporation; that he has been president since the death of his father in 1964; that he was familiar with the books and records of the corporation (in fact, he kept the books); and that the aforesaid judgment was rendered and that it had not been paid in full."). For these reasons, the Order is due to be vacated and Poser given leave to file an affidavit or declaration which may be sufficient under Alabama law to rebut the presumption of payment.

    DONE and ORDERED this the 19th day of April 2023.

                          /s/ Kristi K. DuBose
                          KRISTI K. DuBOSE
                          UNITED STATES DISTRICT JUDGE