IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| POSER INVESTMENTS, INC., | ) | |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | MISC. ACTION: 1:13-00003-KD-B |
| | ) | |
| ANITA NGUYEN, LLC, *et al.*, | ) | |
|   Defendants. | ) | |

## ORDER

  This matter is before the Court on Poser Investments, Inc.'s ("Poser") Motion to Renew the Judgment against the Defendants (Doc. 11), as supplemented with the Affidavit of Poser's Chief Financial Officer Elizabeth Haug (Doc. 16).

  Specifically, on April 19, 2023, the Court conducted a *sua sponte* review of its April 11, 2023 order granting Poser's motion -- which had been supported only with the declaration of counsel. (Docs. 14, 15). The Court concluded that "upon further review of the declaration ... the Court finds that it is insufficient to rebut the presumption of satisfaction of judgment as required under Alabama law for renewal of a judgment." (Doc. 15 at 1). This is because the Alabama Supreme Court has explained that evidence to overcome the presumption of satisfaction must be "strong and convincing to the effect of producing a reasonable conviction that the judgment has not been paid or satisfied." Gambill v. Cassimus, 22 So.2d 909, 910 (Ala. 1945). Additionally, under Alabama law, the declaration of an attorney, even one "familiar with the books and records of the creditor but whose testimony rests on hearsay and does not account for the many ways in which a judgment may be satisfied, is not sufficient to overcome the presumption of satisfaction." Cunningham v. Glenn, 2011 WL 738870, *2 (M.D. Ala. Feb. 24, 2011) (citing Gambill, 22 So.2d at 910)). The declaration of Poser's attorney did not state that he was familiar with the books and

records, appeared to rest on hearsay, and lacked certain information. As such, the Court vacated its April 11, 2023 order and ordered Poser to file an affidavit or declaration "sufficient under Alabama law to rebut the presumption of payment[]" in support of its motion to renew. (Id.)

On May 1, 2023, Poser filed an Affidavit in supplemental support of its motion to renew the judgment -- namely, the Affidavit of its Chief Financial Officer Elizabeth Haug ("Haug") with Exhibits in support. (Doc. 16 (Aff. Haug); Doc. 16-1). In the Affidavit, Poser's CFO Haug attests to the following: she was employed by Poser when the company acquired the judgment against the Defendants via a November 22, 2016 Judgment Purchase and Sale Agreement with Ramada Worldwide, Inc. (which closed on November 30, 2016); at that time, Ramada represented to Poser that to the best of its information and belief, it had received no payments from the Defendants and issued no credits on the judgment; since Ramada assigned the judgment to Poser, no payments have been made by the Defendants to Poser; the $226,928.35 judgment remains unpaid and unsatisfied; she is familiar with the books and records of Poser and reviewed same before executing the affidavit; and she has knowledge of the balance due on the judgment from the books, records, and accounts of Poser which are made and kept in the ordinary course of business. (Doc. 16 at 1-2 (Aff. Haug)). Upon consideration, the Court finds that the foregoing attestations by Poser's CFO satisfy Poser's burden and provides sufficiently "strong and convincing" information and evidence that the judgment has not been paid or satisfied. Gambill, 22 So.2d at 910; Slay v. McKean Paint and Hardware Store, Inc., 317 So.2d 326 (Ala. Civ. App. 1975); Cunningham, 2011 WL 738870 at *2. Thus, the Court finds that Poser has satisfied its burden and has overcome the presumption of payment of the judgment under Alabama law. See Ala. Code § 6-9-191.[1]

---

[1] In relevant part, under Alabama law, "[i]f 10 years have elapsed from the entry of the judgment without issue of execution ... the judgment must be presumed satisfied, and the burden of proving it [is] not satisfied is upon the plaintiff." Ala. Code § 6-9-191. Nothing before the Court indicated that an execution had been issued on this judgment. Thus, Poser bore "the burden of proving it [is] not satisfied." Id.

With the presumption now satisfied, the Court turns to Alabama Code § 6-9-190. Section 6-9-190 provides that "[a] judgment cannot be revived after the lapse of 20 years from its entry." The Alabama statute thus allows revival of a judgment "20 years from its entry." "Entry" means issuance of the judgment, not registration of the judgment in this Court. See, e.g., McLendon v. Hepburn, 876 So. 2d 479, 480, 486 (Ala. Civ. App. 2003); Mobile Drug Co. v. McCullough, 215 Ala. 682, 683 (1927). In this case, final judgment was entered against the Defendants in the United States District Court for the District of New Jersey on December 3, 2012. (Doc. 1-1). Twenty years from the issuance of that final judgment is December 3, 2032. Clearly, Poser has moved to revive the judgment within the requisite timeframe.

Accordingly, it is **ORDERED** that Poser's Motion to Renew the Judgment (Doc. 11), as supplemented (Doc. 16), is **GRANTED** such that the December 3, 2012 Judgment (Doc. 1-1) is hereby **REVIVED** through **December 3, 2032.**

**DONE** and **ORDERED** this **22nd** day of **May 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**